# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CURTIS WAYNE BROWN II,

    Plaintiff,

v.                                                 Case No. 8:19-cv-00108-WFJ-SPF

NAPHCARE CORPORATION, INC.;
J. BATTLE, R.N.; M. CONGA, R.N.;
D. LUSCZNSKI;
and CONNIE YOUNG, Chief Financial
Officer & Operating,

    Defendants.
_____/

## **ORDER**

This matter comes to the Court on a motion to dismiss Plaintiff's Complaint from Defendants Naphcare Corporation, Inc., Jasmine Battle, R.N., Michelle Conger, R.N., and Connie Young. Dkt. 28. Plaintiff Brown was ordered by the Court, on May 20, 2019, to respond to Defendants' motion by June 14, 2019. Dkt. 34. The Order was not returned as undeliverable. Plaintiff Brown did not respond to Defendants' motion; as such, it is deemed unopposed. *Alvarez v. Specialized Loan Servicing LLC*, No. 8:15-CV-1388-T-27AEP, 2015 WL 4609573, at *1 (M.D. Fla. July 30, 2015) (citing Local Rule 3.01(b)). The Court GRANTS the motion.

**BACKGROUND**

For purposes of ruling on a 12(b)(6) motion to dismiss, the Court accepts as true the allegations of Plaintiff's Complaint and applies the liberal pleading standard for pro se litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff is an inmate at the Hillsborough County Jail. Dkt. 1 at 5. Defendant Naphcare Corporation, Inc. ("Naphcare") is the medical provider for Hillsborough County Jail.[1] *Id.* at 2. Defendants Jasmine Battle, R.N., and Michelle Conger, R.N., are medical providers for Naphcare. *Id.* at 2-3; Dkt. 28 at 3-4. Defendant Connie Young is the Chief Financial and Operating Officer for Naphcare. Dkt. 1 at 5; Dkt. 28 at 1.

Plaintiff was incarcerated in Hillsborough County Jail on October 7, 2018. Dkt. 1 at 6. Plaintiff alleges that he is a diabetic and has neuropathy which causes him a "great deal[] of pain in the bottom of [his] feet and hands." Dkt. 1 at 6. And every day without medication he is in "tremendous pain and suffering." Dkt. 1 at 6. On October 17, 2018, Plaintiff submitted a "Sick Call Request" stating "I have Neuropathy on my hands & feet. I take Lyrica for it." Dkt. 1 at 18. Plaintiff submitted a total of five "Sick Call Request" forms complaining of pain from

---

[1] Defendant D. Luscznski is listed in the Complaint as the "Chief of Operations" of Naphcare but Naphcare contends "that this person is not employed by" them and is instead "employed by the facility where the Plaintiff was incarcerated." Dkt. 28 at 12 n.2. The Plaintiff does not list any allegations against Defendant Luscznski in his Complaint.

2

neuropathy between October and December of 2018. Dkt. 1 at 18-21, 37. Plaintiff submitted four "Sick Call Request" forms with requests for his medical records and medical staff records in November and December. *Id.* at 14-17, 35. In December, Plaintiff submitted two "Sick Call Request" forms complaining of hip and knee pain that do not mention neuropathy. *Id.* at 34, 36. Plaintiff submitted seven "Health Care Complaint" forms between October and December 2018, in which he stated he had neuropathy and that he had been prescribed 800mgs twice daily of Gabapentin. *Id.* at 23-29. On five of the "Health Care Complaints" the health care staff provided a written response that stated the records were requested from the Federal Bureau of Prisons. *Id.* at 25-29. It is undisputed that during this time Naphcare service providers prescribed and Plaintiff took Naproxen 500mgs twice daily for his neuropathy. *Id.* at 30; Dkt. 28 at 5. It is also undisputed the Plaintiff complained to Naphcare staff that the Naproxen was not helping with the pain and that he had been previously given Gabapentin 1600mg or Lyrica 600mg. Dkt. 1 at 13; Dkt. 32-1 at 12.

Plaintiff sues Defendants under 42 U.S.C. § 1983 for violating his Eighth Amendment right to be free of cruel and unusual punishment. He seeks damages of $7,000 for his pain and suffering, medical fees, attorney fees, and seeks an order that he be placed on Gabapentin 800mgs twice daily or Lyrica 600mgs twice daily.

3

Dkt. 1 at 6, 31. In response, Defendants raise a motion to dismiss, or alternatively, a motion for summary judgment. Dkt. 28.

**LEGAL STANDARD**

Under 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that [the action] . . . fails to state a claim on which relief may be granted . . . ." § 1915(e)(2)(B)(ii). Similarly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

When considering a Rule 12(b)(6) motion, the court accepts all factual allegations in the Complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). Courts may also consider documents attached to a motion to dismiss if they are (1) central to the plaintiff's claim; and (2) undisputed or, in other words, the "authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted).

**DISCUSSION**

Plaintiff cannot establish a claim under 42 U.S.C. § 1983. "Medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted).

To prevail, Plaintiff must demonstrate: (1) "an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm; and (2) that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Harris v. Leder*, 519 F. App'x 590, 595-96 (11th Cir. 2013) (internal quotation marks and citations omitted). "To establish deliberate indifference, a plaintiff must demonstrate (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Monteleone v. Corizon*, 686 F. App'x 655, 658 (11th Cir. 2017) (internal quotation marks and citations omitted).

As the Defendants did not argue that neuropathy was not a "serious medical need" in their motion, the Court will evaluate the motion to dismiss as if the first prong is met. The Court finds, viewing the allegations of the Complaint in a light

5

most favorable to the claimant, Defendants' denial of Plaintiff's preferred medication did not constitute deliberate indifference to a serious medical need.

Importantly, "[d]isagreement over a matter of medical judgment does not constitute cruel and unusual punishment." *Leder*, 519 F. App'x at 596. "[T]he question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag,* 61 F.3d 1537, 1545 (11th Cir. 1995) (internal quotation marks and citations omitted); *see also Leonard v. Dep't of Corr. Fla.*, 232 F. App'x 892, 895 (11th Cir. 2007) (finding no violation where plaintiff was denied therapeutic shoes to treat his arthritis and alleged this caused further injury); *Sult v. Prison Health Servs. Polk Cnty. Jail*, 806 F.Supp. 251, 252-53 (M.D. Fla. 1992) (no violation where, notwithstanding denial of MRI, plaintiff had been examined by medical personnel and prescribed medication).

Further, while "failure to substitute a more effective medication may constitute negligence, it does not rise to the level of deliberate indifference" *Monteleone v. Corizon*, 686 F. App'x 655, 659-60 (11th Cir. 2017). "In sum, "[m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be

6

intolerable to fundamental fairness." *Id.* at 658 (internal quotation marks and citations omitted).

Based on Plaintiff's own allegations, Naphcare medical staff treated his neuropathy, though not in the manner Plaintiff would have preferred. Plaintiff met with medical staff several times in October and November to discuss the pain caused by his neuropathy. Dkt. 1 at 13. Plaintiff was prescribed and took Naproxen for his neuropathy during this timeframe. *Id.* Defendants requested Plaintiff's medical records from the Federal Bureau of Prisons to verify if he had been given Gabapentin while in custody. *Id.* at 24-25. Plaintiff was aware of this request. *Id.* While the federal prison medical records are not before the Court, it does not matter for the outcome of the Eighth Amendment claim whether Plaintiff had previously been on Gabapentin. The difference in medical opinion, even if it rises to the level of medical negligence, does not rise to be an Eighth Amendment violation. *See Harris v. Leder*, 519 F. App'x 590, 596 (11th Cir. 2013). The Defendants treated Plaintiff's neuropathy with Naproxen and the Court will differ to that medical judgment. Even if Gabapentin would be more effective, failure to provide it does not result in deliberate indifference. *Monteleone v. Corizon*, 686 F. App'x 655, 659-60 (11th Cir. 2017).

While a delay in providing medical treatment can constitute deliberate indifference, *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976), the only delay here

7

was in receiving the federal prison medical records. The refusal to prescribe Gabapentin because Defendants did not have the records, was not a delay in providing medical treatment. Naphcare provided medical treatment to Plaintiff by giving him Naproxen. At most this is a delay in providing Plaintiff's preferred medical treatment, which is not an Eighth Amendment violation.

In the absence of deliberate indifference in response to a serious medical need, Plaintiff fails to state a claim for which relief can be granted under 42 U.S.C. § 1983 and dismissal is therefore appropriate. Defendant's request for injunctive relief similarly falls short. *See GlobalOptions Servs., Inc. v. N. Am. Training Grp., Inc.*, 131 F. Supp. 3d 1291, 1302 (M.D. Fla. 2015) (citation omitted) ("[I]t is well-established that injunctive relief is not a proper claim for relief in and of itself, but rather a remedy that is available upon a finding of liability of a claim.").

## CONCLUSION

Based on the foregoing, Defendants' motions to dismiss, Dkt. 28, is **GRANTED**. Plaintiff's Complaint, Dkt. 1, is hereby **DISMISSED**.

**DONE AND ORDERED** at Tampa, Florida, on August 19, 2019.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, pro se